IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ANTHONY HARRIS,            )
                                )
        Plaintiff,               )
                                )
    -vs-                         )    Civil Action No. 16-1720
                                )
                                )
NANCY A. BERRYHILL,[1]          )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
        Defendant.               )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since December 15, 2012. (ECF No. 5-7, p. 2). Administrative Law Judge ("ALJ"), Alma S. de Leon, held a hearing on April 16, 2015. (ECF No. 5-2, pp. 8-64). On July 1, 2015, the ALJ found that Plaintiff was disabled under the Act. (ECF No. 7-3, pp. 5-18).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

2

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     **Non-exertional Limitations**

Plaintiff's only argument is that the ALJ erred by improperly considering Plaintiff's non-exertional limitations such that the ALJ's opinion is not supported by substantial evidence. (ECF No. 9). Specifically, Plaintiff argues that during the period of December 15, 2012 and May 5, 2014, he was in the hospital and emergency rooms and had an invasive procedure which totaled over 30 days. As a result, Plaintiff predicts that he would miss, on average 2 days a month if he worked. *Id.* Plaintiff continues that "such absenteeism would prevent employment in the competitive workplace" and the ALJ failed to consider the same. *Id.* at p. 11. Therefore, Plaintiff suggests that reversal/remand is warranted. After a review of the evidence, I disagree.

Plaintiff's argument misconstrues the general requirements of the Act. To be eligible for benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to

3

result in death or which has lasted or can be expected to last for a *continuous* period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). Plaintiff has pointed to no evidence to suggest that Plaintiff's prior hospital procedures would continue into the future on a continuous basis of at least 12 months, nor has Plaintiff pointed to any medical opinion evidence suggesting Plaintiff would be required to miss on average 2 days a month. (ECF No. 9). The fact that Plaintiff sought treatment over 30 times in 17 months, without more, does not entitle him to benefits under the Act.

Furthermore, in this case, the ALJ found that Plaintiff has the residual functional capacity ("RFC")[2] to perform sedentary work with certain limitations. (ECF No. 5-3, p. 9). Based on my review of the record, I find there is substantial evidence of record to support the ALJ's decision that Plaintiff was capable of performing sedentary work with these certain limitations. (ECF No. 5-3, pp. 5-18). Consequently, reversal/remand is not warranted on this basis.

An appropriate order shall follow.

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ANTHONY HARRIS,                )
                                    )
    Plaintiff,                      )
                                    )
-vs-                                )     Civil Action No. 16-1720
                                    )
                                    )
NANCY A. BERRYHILL,[3]              )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
    Defendant.                      )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 24th day of October, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

                                                                           BY THE COURT:

                                                                           s/ Donetta W. Ambrose
                                                                            Donetta W. Ambrose
                                                                            United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.